IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DANIEL F. SLONAKER,**

        Petitioner,

v.                                         CIVIL ACTION NO. 3:19-CV-202
                                                    (GROH)

**DONALD AMES,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This case was initiated on December 2, 2019, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petitioner paid the $5.00 filing fee on December 27, 2019.  ECF No. 9.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Petitioner's Conviction, Sentence and Direct Appeal[1]

Petitioner is currently a state prisoner incarcerated in Mount Olive Correctional Center in Mount Olive, West Virginia.  https://apps.wv.gov/ois/offendersearch/doc.  On May 6, 2010, Petitioner was charged in Monongalia County, West Virginia Circuit Court in an indictment returned in case number 10-F-108, with three counts of sexual assault in the second degree against the same victim: (1) sexual intercourse; (2) sexual intrusion by digital penetration; and (3) sexual intrusion by oral means.

The Supreme Court of Appeals summarized the facts that at trial two witnesses testified they observed Petitioner with his pants around his ankles, making thrusting motions toward the victim who was "bent over and exposed" and so intoxicated that she could barely speak.  The witnesses testified they heard the victim say "no" and attempt to kick Petitioner off her.  The victim was so intoxicated that a doctor who treated her on the date of the assault determined that she was incapable of providing consent to evidence collection based on her intoxication.  Further, the victim had no memory of the sexual assault.  The two witnesses who observed the assault and apprehended the Petitioner until police arrived, testified they observed the Petitioner holding the victim down while she said "no".  DNA samples taken from Petitioner's genitalia tested positive for the victim's DNA.  Petitioner gave a statement that he performed consensual oral sex on the

---

[1] The facts contained in Section I.A. are taken from the memorandum decisions issued in docket number 12-0127, by the State of West Virginia Supreme Court of Appeals on May 17, 2013, http://www.courtswv.gov/supreme-court/memo-decisions/spring2013/12-0127memo.pdf; and in docket number 18-0343, by the State of West Virginia Supreme Court of Appeals, on September 13, 2019, in http://www.courtswv.gov/supreme-court/memo-decisions/fall2019/18-0343memo.pdf  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

victim while she was on the ground, but denied any other type of sex.  Petitioner further testified he knew the victim was severely intoxicated.

Following a three-day jury trial, on February 18, 2011, the jury found petitioner guilty of all three counts.  Petitioner was sentenced on August 10, 2011, to three concurrent terms of not less than ten nor more than twenty-five years in prison.  Further, the Petitioner, a recidivist, received an enhanced sentence of life imprisonment with the possibility of parole.

Petitioner's sole assignment of error on appeal was that the circuit court erred when it failed to grant a judgment of acquittal at the close of the State's case-in-chief, and again when the insufficiency of evidence issues were raised post-trial.  In a memorandum decision dated May 17, 2013, the West Virginia Supreme Court of Appeals affirmed Petitioner's conviction, and found that there was sufficient evidence to support the jury's verdict.

B.  Petitioner's State Habeas Petitions[2]

Petitioner filed a pro se petition seeking habeas corpus in Monongalia County, West Virginia Circuit Court case number 13-C-846, on October 30, 2013.  Counsel was later appointed to represent Petitioner, and two amended petitions were filed.  The second amended petition filed on January 17, 2017, alleged three grounds for relief:

(1)   Ineffective assistance of counsel due to counsel's alleged failure to

   (a) call witnesses at trial;

   (b) raise legitimate defenses; and

---

[2] The facts contained in Section I.B. are taken from the September 13, 2019, memorandum decision issued in docket number 18-0343, by the Supreme Court of Appeals of West Virginia, http://www.courtswv.gov/supreme-court/memo-decisions/fall2019/18-0343memo.pdf.

3

        (c) raise certain arguments on direct appeal;

(2)     Improper prosecutorial statements; and

(3)     That his statement to police was coerced and involuntary.

The circuit court denied Petitioner relief by order entered on January 24, 2018.

In his appeal to the Supreme Court of Appeals of West Virginia, Petitioner asserted that: (1) the circuit court erred in denying him an omnibus habeas corpus hearing based on an incorrect evidentiary standard; (2) the prosecutor made prejudicial statements during closing argument; and (3) the trial court denied without a hearing, Petitioner's claim that his statements to police were coerced. The Supreme Court of Appeals affirmed the January 24, 2018, order of the Monongalia County Circuit Court by memorandum decision issued September 13, 2019. In that memorandum decision, the Supreme Court of Appeals noted that Petitioner did not appeal any of the rulings of the circuit court on his ineffective assistance of counsel claims. Specifically, Petitioner did not appeal the Circuit Court's decision as to his contentions that counsel: (1) should have called an expert witness to explain why victims make false accusations of rape; (2) should have called a medical expert to testify that the victim sustained no physical injuries; (3) failed to pursue legitimate defenses; (4) failed to adequately investigate the veracity of one of the witness's statements; and (5) was deficient in failing to raise all possible errors on appeal.

    **C.**  **Instant Federal Habeas Petition**

In his § 2254 petition, Petitioner raised seven grounds for relief: (1) that the trial court committed reversible error when it denied Petitioner's mid-trial motion for judgment of acquittal and post-trial motion for new trial [ECF No. 1 at 6 - 7]; (2) that Petitioner's confession was involuntarily obtained through coercion [Id. at 31 - 32]; (3) that the prosecutor knowingly presented perjured testimony at trial [Id. at 33 – 34]; (4) that counsel

4

who represented him at trial and on direct appeal provided ineffective assistance of counsel [Id. at 34 - 37]; (5) improper and prejudicial jury instructions [Id. at 37 – 39]; (6) that the prosecutor made prejudicial statements during closing argument [Id. at 39 – 40]; and (7) that police coerced a witness to testify [Id. 1 at 40 – 41]. Petitioner acknowledged in his petition that he raised all seven of these claims on direct appeal and in a prior habeas corpus proceeding. Id. at 6, 31, 33, 35, 37, 39, 41.

For relief, Petitioner requests that the Court: (1) vacate the Monongalia County Circuit Court's order denying Petitioner's omnibus state habeas corpus hearing; and (2) vacate the Circuit Court's order denying Petitioner's omnibus habeas corpus hearing because the Circuit abused its discretion. Id. at 45.

### III.     LEGAL STANDARD

#### A.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

5

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B. Petitions for Relief Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct. 1495 (2000).

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA. DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

### C. Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective. Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). But, "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689. In addition, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. <u>Id.</u> at 689-90. There are no absolute rules for determining what performance is reasonable. See <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that the deficient performance caused him prejudice. <u>Strickland</u>, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993) (quoting <u>Strickland</u>, 466 U.S. at 687 (1984)). Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. <u>Strickland</u>, 466 U.S. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite

8

prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

## IV. ANALYSIS

Petitioner is not entitled to relief because he seeks habeas corpus relief upon seven grounds which have all previously: (1) been raised and decided either in the Circuit Court of Monongalia County, West Virginia, or the West Virginia Supreme Court of Appeals; and/or (2) been procedurally defaulted. Under the plain language of the statute—that a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings—all seven of Petitioner's claims fail because those claims were previously raised and adjudicated on the merits in State court.[4] Further, not only were those claims decided in State court, Petitioner does not contend, nor does this Court find that those decisions were contrary to or involved an unreasonable application of Federal law.

### A. Claims Previously Decided in State Court

#### 1. Ground 1: Sufficiency of the Evidence Presented at Trial

Petitioner's claim that there was insufficient evidence to support his conviction was previously addressed by the Supreme Court of Appeals of West Virginia in its decision on direct appeal issued May 17, 2013. Court's Exhibit 1 at 3. There, the Supreme Court of Appeals found that there was sufficient evidence to support Petitioner's conviction, and that the trial court did not commit error when it denied Petitioner's motion for judgment of acquittal at the close of the State's case-in-chief, and again post-trial. Specifically, in his

---

[4] As discussed below, although Petitioner alleges these matters were all raised and adjudicated at the state level, the undersigned was only able to determine that four of those issues were addressed and adjudicated in the state court pleadings.

9

direct appeal, Petitioner claimed that the State failed to prove beyond a reasonable doubt that there was sufficient evidence as to the victim's lack of consent, and that the evidence showed that the victim initiated the sexual contact. The Supreme Court of Appeals held that "[t]his Court concludes that there was sufficient evidence to convince a reasonable person of petitioner's guilt beyond a reasonable doubt." Id. Petitioner's claim raised herein contains the identical claim which he raised before the state Supreme Court of Appeals, by alleging the evidence was insufficient to support his conviction. However, those claims do not merit relief. The sufficiency of the evidence was previously considered by the Supreme Court of Appeals and found to be without merit.

Further, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2). Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings in relation to the finding that there was sufficient evidence presented at trial to support his conviction. Nor does Petitioner allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

Thus, under the plain language of § 2254, Petitioner's first claim as to the sufficiency of the evidence has already been considered in State court, adjudicated on the merits, and does not meet either exception listed in the statute. Accordingly, Petitioner's first claim for relief is without merit and should be denied.

### 2. Ground 2: Voluntariness of Confession

Petitioner's claim that his confession was involuntarily obtained was previously addressed by the Supreme Court of Appeals of West Virginia in its decision on Petitioner's

state habeas corpus claim issued September 13, 2019. Court's Exhibit 2 at 8. There, the Supreme Court of Appeals found "no error in the habeas court's conclusion that petitioner's confession was not involuntary or coerced." Id. at 9. Further, the Supreme Court of Appeals referred to Petitioner's brief on appeal which admitted that, "these issues were considered by the [trial court] on several occasions [and] each time it concluded that the statement was voluntarily made." Id. at 8.

Petitioner's claim raised herein contains the identical claim which he raised in his prior habeas before the state Supreme Court of Appeals, and was found to be without merit. Further, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2). Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings in relation to the finding that his statement to law enforcement was made voluntarily. Additionally, Petitioner does not allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

Thus, under the plain language of § 2254, Petitioner's second claim as to the voluntariness of his statement to law enforcement has already been considered in State court and adjudicated on the merits, and does not meet either exception listed in the statute. Accordingly, Petitioner's second claim for relief is without merit and should be denied.

        3.      **Ground 4: Ineffective Assistance of Trial and Appellate Counsel**

Petitioner's ineffective assistance of counsel claims raised in ground four are also without merit. Petitioner claims his counsel provided ineffective assistance of counsel

when his lawyer failed to: (1) raise all possible errors on appeal; (2) call expert witnesses at trial regarding the lack of physical trauma to the victim; (3) retain a subject matter expert to address inconsistencies in the witnesses' testimony; and (4) pursue legitimate defenses, including that the alleged victim was a consenting adult. Those claims were all raised by Petitioner in his state habeas corpus claim in the Monongalia County Circuit Court. The Supreme Court of Appeals addressed those claims, noting that "[i]n his brief on appeal, petitioner does not challenge any of the rulings made by the habeas court on his ineffective assistance of counsel claims." Court Exhibit 2 at 5. After summarizing each of Petitioner's five claims[5] of ineffective assistance of counsel raised in the habeas court, the Supreme Court of Appeals found that "the habeas court did not err in not holding a hearing on petitioner's ineffective assistance of counsel claim." Id. at 5 – 6. Further, Petitioner acknowledges that he has previously raised his ineffective assistance of counsel claims, which were previously adjudicated in state court. ECF No. 1 at 35.

In his fourth ground for relief Petitioner has failed to articulate any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2). Petitioner has not shown that the state court's decisions were contrary to or involved an unreasonable application of federal law in relation to his ineffective assistance of counsel claim. Additionally, Petitioner does not allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts. Accordingly, under the plain language of the statute,

---

[5] Petitioner asserted that his counsel was ineffective when he failed to: (1) call an expert witness at trial to explain why victims make false accusations of rape; (2) retain a medical expert to testify that the victim sustained no physical injuries; (3) pursue legitimate defenses, including consent by the victim; (4) adequately investigate the veracity of a state witness; and (5) to raise all possible errors on appeal.

Petitioner's fourth claim has been considered and adjudicated on the merits in State court, thereby precluding relief under § 2254.

### 4. Claim 6: Prejudicial Statements by the Prosecutor

Petitioner's sixth claim for relief is that the prosecutor made prejudicial statements to the jury. However, that same claim was previously addressed by the Supreme Court of Appeals of West Virginia in its decision on Petitioner's state habeas corpus claim issued September 13, 2019. Court's Exhibit 2 at 6 – 7.

Further, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2). Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings in relation to the finding that the prosecutor's statements to the jury were not prejudicial. Additionally, Petitioner does not allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

Thus, under the plain language of § 2254, Petitioner's second claim as to the voluntariness of his statement to law enforcement has already been considered in State court and adjudicated on the merits, and does not meet either exception listed in the statute. Accordingly, Petitioner's sixth claim for relief is without merit and should be denied.

### B. Claims Which Were Procedurally Defaulted

Petitioner also raises three issues, grounds 3, 5, and 7, all of which relate to alleged errors in his trial, but none of which were raised on direct appeal. In ground 3, Petitioner asserts that at trial the State knowingly used perjured testimony. ECF No. 1 at 33. In

ground 5, Petitioner contends that the jury instructions were prejudicial. Id. at 37. And in ground 7, Petitioner claims that law enforcement coerced the victim into testifying. Id. at 40 – 41. The petition indicates that all three of those claims were presented in Petitioner's direct appeal, and in post-conviction proceedings. However, a review of the memorandum decisions of the West Virginia Supreme Court of Appeals shows that those issues were not raised before or addressed by that court. See Court Exhibits 1, 2.

Such a failure to raise those issues on direct appeal precludes relief through habeas proceedings. "Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300 (1994), and Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591 (1947)). Accordingly, Petitioner's claims about perjured trial testimony, prejudicial jury instructions and whether the victim was pressured to testify were either already raised in the state court, or were procedurally defaulted by failure to raise those claims in state court. In either case, this Court may not grant Petitioner relief.

As to grounds 3, 5, and 7, Petitioner claims he has presented and exhausted those grounds, but the issues were not addressed by the Supreme Court of Appeals in its May 17, 2013, memorandum decision. Even if the issues were addressed, Petitioner has failed to articulate any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2) of §§ 2254(d). Petitioner has not shown that any state court's decisions related to grounds 3, 5, or 7, were contrary to or involved an unreasonable application of federal law in relation to his claims related to his trial, and does not allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts. Accordingly,

under the plain language of the statute, if Petitioner's claims contained in ground 3, 5 and 7 have been considered and adjudicated on the merits in State court, such relief thereby precludes relief under § 2254.

Despite Petitioner claims that he raised grounds 3, 5, and 7 in state court, the Supreme Court of Appeals' decisions are devoid of any reference to those arguments. Failure to exhaust any argument in state court prior to presentment of the same issue in federal court is fatal to a petition for habeas corpus under § 2254.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his state remedies.

Regardless of whether Petitioner exhausted those remedies, to the extent that Petitioner asserts that his appellate counsel was ineffective because he did not raise all possible errors on direct appeal, including his claims raised in grounds 3, 5, and 7, Petitioner is not entitled to relief because those grounds are now procedurally defaulted for not raising those issues on direct appeal. Moreover, even though Petitioner claims that his appellate counsel was ineffective when he failed to make arguments favored by Petitioner, such a claim does not merit relief. The Supreme Court has long recognized that:

> When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect. See *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052 (counsel is "strongly presumed" to make decisions in the exercise of professional

> judgment). That presumption has particular force where a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Moreover, even if an omission is inadvertent, relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.

Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 5–6, 157 L. Ed. 2d 1 (2003). "A defendant is bound by the tactical decisions of competent counsel." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 91, and n. 14 (1977); Henry v. Mississippi, 379 U.S. 443, 451 (1965)).

Accordingly, Petitioner is unable to meet the two-prong Strickland test to demonstrate that his counsel was ineffective as to his failure to raise the issues presented in grounds 3, 5, or 7. Counsel made tactical decisions to argue some issues, to the exclusion of other issues favored by Petitioner. Those decisions are strongly presumed to have been made in the exercise of professional judgment, and accordingly, counsel's performance in this regard did not fall below an objective standard of reasonableness. Moreover, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Accordingly, for all the above reasons, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition sought under 28 U.S.C. § 2254(d), and the petition should be dismissed with prejudice as to Claims 3, 5, and 7.

Case 3:19-cv-00202-GMG   Document 17   Filed 03/02/22   Page 17 of 18   PageID #: 151

## V.  RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petition [ECF No. 1] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is **DIRECTED** to **FILE** Court Exhibit 1 and Court Exhibit 2.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in

the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED:    March 2, 2022

                                              /s/ *Robert W. Trumble*
                                              ROBERT W. TRUMBLE
                                              UNITED STATES MAGISTRATE JUDGE